1  DANIEL G. BOGDEN
   United States Attorney
2  KATHLEEN BLISS
   Assistant United States Attorney
3  333 Las Vegas Blvd., South, Ste 5000
   Fifth Floor
4  Las Vegas, Nevada 89101
   (702) 388-6336
5
   THOMAS E. PEREZ
6  Assistant Attorney General – Civil Rights Division
   PATRICIA SUMNER
7  Trial Attorney
   601 D. Street NW, 5th Floor
8  Washington, D.C. 20530
   (202)616-4719
9
                IN THE UNITED STATES DISTRICT COURT
10
                    FOR THE DISTRICT OF NEVADA
11
12                               * * *

13

14  UNITED STATES OF AMERICA,           2:12-cr-063-PMP-RJJ

15                  Plaintiff,

16  vs.                                 **PROPOSED COMPLEX CASE
                                        SCHEDULE PURSUANT
17                                      TO LCR 16-1(a)**

18  ROSS HACK,
    MELISSA HACK, AND
    LELAND JONES,
19

20                  Defendants.

21        Pursuant to Local Rule 16-1(a)(1) and (2), counsel for the United States, Daniel G. Bogden

22  United States Attorney, and Assistant United States Attorney, Kathleen Bliss; Thomas E. Perez,

23  Assistant Attorney General – Civil Rights Division, and Patricia A. Sumner, Trial Attorney; and

24  Federal Public Defender, Rene Valladares, as counsel for defendant Ross Hack; E. Brent Bryson and

25  Gabriel L. Grasso, as counsel for defendant Melissa Hack; and James Hartsell, as counsel for

26  defendant Leland Jones, respectfully submit this proposed Complex Case Schedule, requesting that

27  this Court set a trial date and enter an Order "fixing the schedule for discovery and pretrial

28  motions."( LCR 16-1(a)(1)–(a)(4)).

                                        1

1.  The Indictment in this case was returned by a federal Grand Jury seated in Las Vegas, Nevada, on February 28, 2012. (Docket # 1).

2.  Defendants Melissa Hack and Leland Jones were arraigned and entered pleas of Not Guilty on February 29, 2012. (Docket # 5). Defendant Ross Hack appeared for his arraignment and plea hearing March 9, 2012, and enter his plea of Not Guilty.  (Docket # __).  The Court set a trial date of May 8, 2012, and joined the defendants for trial.  This Court should find, however, that under the law and circumstances of this case, this case is complex and an appropriate complex case schedule is warranted.

3.  The case presents complex and novel issues of fact and law in that the Indictment charges the defendants with murdering Lin Shersty and Daniel Newborn on federal land, causing their deaths through the use of a firearm, during and in relation to first degree murder, in violation Title 18, United States Code, Sections 1111, 924(c) and (j).  (Docket # 1).

4.  18 U.S.C. §§ 1111 and 924j are death penalty eligible offenses.  <u>See</u> 18 U.S.C. § 3591.[1]  Defendants Ross Hack and Melissa Hack are charged with a death penalty eligible offense, so the government must comply with the Department of Justice's "death penalty protocol."[2]  <u>See</u> United States Attorneys' Manual, § 9-10.000 <u>et seq</u>. Leland Jones is not subject to the death penalty because he was a juvenile (17 years old) at the time of the alleged murders.  <u>See</u> <u>Roper v. Simmons</u>, 543 U.S. 551 (2005) (holding that the Eighth and Fourteenth Amendments forbid imposition of death penalty on offenders who were under age of 18 when their crimes were committed).  The death penalty protocol includes a recommendation by the United States Attorney and by the Assistant Attorney General on whether or not to seek the death penalty.  Defense counsel has the opportunity to present facts, including mitigating factors, to the United States Attorney and to the Assistant Attorney General for consideration.  A Department of Justice review committee then reviews the

---

[1] Defendants are entitled to a second counsel "learned in the law applicable to capital cases " as provided by 18 U.S.C. § 3005.

[2] The death penalty protocol applies in all federal cases in which a defendant is charged with an offense subject to the death penalty, regardless of whether the United States Attorney or the Assistant Attorney General intends to request authorization to seek the death penalty.

1    United States Attorney's and Assistant Attorney General's  recommendation and provides defense

2    counsel the opportunity to present mitigating evidence.   The review committee then makes its own

3    recommendation to the Attorney General who makes the final decision about whether the death

4    penalty will be sought by the government.

5         5.    Counsel for defendants Ross Hack and Melissa Hack  need appropriate time to

6    prepare for their presentation to the United States Attorney and to the Assistant Attorney General.

7         6.    The time needed to complete the Department of Justice's "death penalty protocol"

8    is properly excluded under the Speedy Trial Act.  See United States v. Murillo, 288 F.3d 1126 (9th

9    Cir. 2002) (holding that the Department of Justice's death penalty protocol is a "valid reason to grant

10   an ends of justice continuance" under 18 U.S.C. § 3161 (h)(8)(A)); United States v. Mathis, 96 F.3d

11   1577, 1581 (11th Cir. 1996) (same).

12              **PROPOSED COMPLEX CASE SCHEDULE**

13        7.    On or by May 1, 2012, the government will provide discovery in this case that

14   involves production of evidence under Fed. R. Crim. P. 16; that is, materials within the

15   government's possession that were obtained from the state relative to the investigation and

16   prosecution of John Butler, the criminal history reports for each defendant, and statements made by

17   each defendant.  The government will not provide the statements of defendants collectively, but each

18   defendant will receive only his or her statement and no others.  The government will not produce

19   the statements of any witness or concomitant impeachment evidence (Giglio) obtained by the

20   government in the course of the federal investigation.

21              **PROPOSED COMPLEX CASE SCHEDULE**

22        1.    Considering the schedule, below, the parties request a trial date no earlier than

23   November 1, 2013.

24        2.         The Initial Discovery Phase.

25        The parties propose that the government shall continue to meet its obligation to disclose and

26   provide the following:

27                   a.  all statements, documents, and objects, including audio and video recordings,

28                       required to be disclosed under Federal Criminal Rules of Procedure 16(a)(1)(A)-

3

1        (F).

2             b.  all search warrants, orders authorizing the interception of wire, oral or electronic

3                  communications, and supporting affidavits, that relate to evidence that may be

4                  offered at trial.

5             c.  all officers reports, forensic evidence reports and any information required under

6                  <u>Kyles v. Whitely</u>, 514 U.S. 419 (1995), with the exception of witness

7                  statements as defined at 18 U.S.C. § 3500 and any impeachment

8                  information relative to that witness.

9       3.     <u>The Discovery Motions Schedule To Resolve Any Discovery Disputes</u>.

10        The parties acknowledge a duty to make good faith efforts to meet and confer with each other

11  to resolve informally any dispute over the scope, manner and method of disclosures before seeking

12  relief from the Court.  A breach of the duty to meet and confer, by either party, may serve as a basis

13  to grant or deny any subsequent motion for appropriate relief made before the Court.  If the parties

14  are unable to agree or resolve disputes after good faith efforts to do so, the parties propose the

15  following discovery pretrial motions schedule:

16             a.  Preauthorization Motions, that is, all motions related to the Death Penalty

17                  Protocol, shall be filed on or by September 1, 2012.

18             b.  Responses to Preauthorization Motions shall be filed on or by September 30,

19                  2010.

20             c.  Replies to Preauthorization Responses shall be filed on or by October 15, 2012.

21             d.  Defendants shall submit to the United States Attorney and to the Assistant

22                  Attorney General their Memoranda relative to Preauthorization on or by January

23                  30, 2013.

24             e.  The United States Attorney and the Assistant Attorney General shall meet with

25                  counsel for defendants regarding Preauthorization on or by February 28, 2013.

26             f.  The United States Attorney and the Assistant Attorney General shall submit their

27                  recommendations concerning death penalty eligibility to the United States

28                  Department of Justice on or by April 2, 2013.

g.  Pretrial Motions, that is, all motions related to Trial in this case, including notices of any defenses under Rules 12.1, and 12.2 of the Federal Rules of Criminal Procedure, shall be filed on or before August 1, 2013.  Disclosure of expert witnesses that the parties intend on calling in their respective cases in chief shall also be due on this date of August 1, 2013.

b.  Responses to Pretrial Motions to be filed on or before August 15, 2013; and

c.  Replies to Pretrial Motions to be filed on or before August 21, 2013.

4.  <u>The Second Discovery Phase</u>

The parties propose that NO LATER THAN 30 DAYS BEFORE TRIAL:

Defendants will comply with his obligation to provide reciprocal discovery and provide all documents, objects and reports of examination required under Federal Rule of Criminal Procedure 16(b)(1)(A) and (B).  NO LATER THAN 30 DAYS BEFORE TRIAL.

5.  <u>The Third Discovery Phase</u>

The parties propose that NO LATER THAN 14 DAYS BEFORE TRIAL:

a.  the parties will disclose any summaries, charts or calculations that will be offered in their respective case-in-chief at trial;

b.  the parties will identify recordings, transcripts of recordings, or portions thereof, that will be offered in their respective case-in-chief at trial.

c.  the government will provide any evidence of similar acts, as provided by Fed. R. Crim. P. 404(b), that it intends on introducing at trial.

d.  the government will provide to defendant the statements of each witness that the government intends on calling in its case-in-chief, including any impeachment (<u>Giglio</u>) information, unless the government files a motion for a protective order.

6.  <u>Supplemental Motions.</u>

The parties agree that any supplemental motion can be filed upon a showing of good cause as determined by the Court.  These motions shall be based on issued unforseen to the parties at the time this agreement was filed.

1        WHEREFORE, the government  respectfully request that the Court grant this Motion and

2   enter an Order: adopting the proposed complex case schedule.  A proposed Order is attached for the

3   convenience of the Court.

4        Dated this the __ day of March 2012.

5   THOMAS E. PEREZ                            DANIEL G. BOGDEN
    Assistant Attorney General–Civil Rights Division       United States Attorney

6   By:_____/s/_____        By:_____/s/_____

7       PATRICIA A. SUMNER                  KATHLEEN BLISS
    Trial Attorney                           Assistant United States Attorney

8

9

10  By:_____/s/_____        By:____/s/_____
    RENE VALLADARES
    Counsel Defendant Ross Hack            Learned Counsel for Defendant Ross Hack

11

12

13  By:_____/s/_____        By:____/s/_____
    E. BRENT BRYSON
    Counsel Defendant Melissa Hack         Learned Counsel for Defendant Melissa  Hack

14

15  By:_____/s/_____
    JAMES HARTSELL

16      Counsel Defendant Leland Jones

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | 12-CR-0063-PMP-RJJ |
| Plaintiff, | |
| vs. | **ORDER FOR COMPLEX CASE SCHEDULE PURSUANT TO LCR 16-1(a)** |
| ROSS HACK, MELISSA HACK, AND LELAND JONES, | |
| Defendants. | |

1.      The Indictment in this case was returned by a federal Grand Jury seated in Las Vegas, Nevada, on February 28, 2012. (Docket # 1).

2.      Defendants Melissa Hack and Leland Jones were arraigned and entered pleas of Not Guilty on February 29, 2012. (Docket # 5). Defendant Ross Hack appeared for his arraignment and plea hearing March 9, 2012, and enter his plea of Not Guilty.  (Docket # __).  The Court set a trial date of May 8, 2012, and joined the defendants for trial.  This Court should find, however, that under the law and circumstances of this case, this case is complex and an appropriate complex case schedule is warranted.

3.      The case presents complex and novel issues of fact and law in that the Indictment charges the defendants with murdering Lin Shersty and Daniel Newborn on federal land, and causing their deaths through the use of a firearm, during and in relation to first degree murder, in violation Title 18, United States Code, Sections 1111, 924(c) and (j).  (Docket # 1).

4.      18 U.S.C. §§ 1111 and 924(j) are death penalty eligible offenses.  See 18 U.S.C. § 3591.[3] Defendants Ross Hack and Melissa Hack are charged with a death penalty eligible offense,

_____

[3] Defendants are entitled to a second counsel "learned in the law applicable to capital cases " as provided by 18 U.S.C. § 3005.

7

so the government must comply with the Department of Justice's "death penalty protocol."[4]  See United States Attorneys' Manual, § 9-10.000 et seq.  Leland Jones is not subject to a penalty of death because he was a juvenile (17 years old) at the time of the alleged murders.  See Roper v. Simmons, 543 U.S. 551 (2005) (holding that the Eighth and Fourteenth Amendments forbid imposition of death penalty on offenders who were under age of 18 when their crimes were committed).  The death penalty protocol includes a recommendation by the United States Attorney and by the Assistant Attorney General on whether or not to seek the death penalty.  Defense counsel has the opportunity to present facts, including mitigating factors, to the United States Attorney and the Assistant Attorney General for consideration.  A Department of Justice review committee then reviews the United States Attorney's recommendation and provides defense counsel the opportunity to present mitigating evidence.   The review committee then makes its own recommendation to the Attorney General who makes the final decision about whether the death penalty will be sought by the government.

5.      Counsel for defendants Ross Hack and Melissa Hack  need appropriate time to prepare for their  presentation to the United States Attorney and to the Assistant Attorney General.

6.      The time needed to complete the Department of Justice's "death penalty protocol" is properly excluded under the Speedy Trial Act.  See United States v. Murillo, 288 F.3d 1126 (9th Cir. 2002) (holding that the Department of Justice's death penalty protocol is a "valid reason to grant an ends of justice continuance" under 18 U.S.C. § 3161 (h)(8)(A)); United States v. Mathis, 96 F.3d 1577, 1581 (11th Cir. 1996) (same).

Based on the above facts and foregoing motion, IT IS THEREFORE ORDERED:

1.      The Trial Date(s):

1.      Trial is set on  November 5, 2013.

2.       The Initial Discovery Phase.

The government shall produce the following on or by May 1, 2012:

_____

[4] The death penalty protocol applies in all federal cases in which a defendant is charged with an offense subject to the death penalty, regardless of whether the United States Attorney or the Assistant Attorney General intends to request authorization to seek the death penalty.

8

a.  all statements, documents, and objects, including audio and video recordings, required to be disclosed under Federal Criminal Rules of Procedure 16(a)(1)(A)-(F).

b.  all search warrants, orders authorizing the interception of wire, oral or electronic communications, and supporting affidavits, that relate to evidence that may be offered at trial.

c.  all officers reports, forensic evidence reports and any information required under Kyles v. Whitely, 514 U.S. 419 (1995), with the exception of witness statements as defined at 18 U.S.C. § 3500 and any impeachment information relative to that witness.

3.  The Discovery Motions Schedule To Resolve Any Discovery Disputes.

The parties shall make good faith efforts to meet and confer with each other to resolve informally any dispute over the scope, manner and method of disclosures before seeking relief from the Court.  A breach of the duty to meet and confer, by either party, may serve as a basis to grant or deny any subsequent motion for appropriate relief made before the Court.  If the parties are unable to agree or resolve disputes after good faith efforts to do so, the parties propose the following discovery pretrial motions schedule:

a.  Preauthorization Motions, that is, all motions related to the Death Penalty Protocol, shall be filed on or by September 1, 2012.

b.  Responses to Preauthorization Motions shall be filed on or by September 30, 2010.

c.  Replies to Preauthorization Responses shall be filed on or by October 15, 2012.

d.  Defendants shall submit to the United States Attorney and to the Assistant Attorney General their Memoranda relative to Preauthorization on or by January 30, 2013.

e.  The United States Attorney and the Assistant Attorney General shall meet with counsel for defendants regarding Preauthorization on or by February 28, 2013.

f.  The United States Attorney and the Assistant Attorney General shall submit their

1   recommendations concerning death penalty eligibility to the United States

2   Department of Justice on or by April 2, 2013.

3       g.  Pretrial Motions, that is, all motions related to Trial in this case, including

4           notices of any defenses under Rules 12.1, and 12.2 of the Federal Rules of

5           Criminal Procedure, shall be filed on or before August 1, 2013.  Disclosure of

6           expert witnesses that the parties intend on calling in their respective cases in

7           chief shall also be due on this date of August 1, 2013.

8       b.  Responses to Pretrial Motions to be filed on or before August 15, 2013; and

9       c.  Replies to Pretrial Motions to be filed on or before August 21, 2013.

10  4.  The Second Discovery Phase

11      NO LATER THAN 30 DAYS BEFORE TRIAL:

12          Defendants will comply with his obligation to provide reciprocal discovery and

13          provide all documents, objects and reports of examination required under Federal

14          Rule of Criminal Procedure 16(b)(1)(A) and (B).  NO LATER THAN 30 DAYS

15          BEFORE TRIAL.

16  5.  The Third Discovery Phase

17      NO LATER THAN 14 DAYS BEFORE TRIAL:

18      a.  the parties will disclose any summaries, charts or calculations that will be offered

19          in their respective case-in-chief at trial;

20      b.  the parties will identify recordings, transcripts of recordings, or portions thereof,

21          that will be offered in their respective case-in-chief at trial.

22      c.  the government will provide any evidence of similar acts, as provided by Fed. R.

23          Crim. P. 404(b), that it intends on introducing at trial.

24      d.  the government will provide to defendant the statements of each witness that the

25          government intends on calling in its case-in-chief, including any impeachment

26          (Giglio) information, unless the government files a motion for a protective order.

27  6.  Supplemental Motions.

28  Any supplemental motion can be filed upon a showing of good cause as determined by the

1  Court.  These motions shall be based on issued unforseen to the parties at the time this agreement

2  was filed.

3

4      Dated this the    16th day of April, 2012.

5      _____

6      The Honorable Philip M. Pro