1
2
3
4                          UNITED STATES DISTRICT COURT

5                               DISTRICT OF NEVADA

6                                      * * *

7
UNITED STATES OF AMERICA,        )          2:12-CR-00063-PMP-RJJ
8                                )
                   Plaintiff,    )
9                                )          **ORDER**
  vs.                            )
10                               )
                                 )
11 MELISSA HACK,                 )
                                 )
12                               )
                   Defendant.    )
13 _____)

14

15          On January 23, 2013, the Court conducted a hearing to consider the

16 arguments of counsel regarding Defendant Melissa Hack's Motion for Revocation

17 or Amendment of Detention Order (Doc. #65) filed December 14, 2012.  For the

18 reasons set forth below, the Court finds Hack's Motion must be denied.

19          Defendant Melissa Hack, and two co-Defendants, her brother Ross Hack,

20 and Leland Jones, are charged in a four count Indictment returned February 28,

21 2012, with two counts of murder while on federal land in violation of 18 U.S.C. §§

22 7(3) and 1111, two counts of using a firearm during a crime of violence in violation

23 of 18 U.S.C.  §§ 924(c) and (j), and four counts of aiding and abetting in violation of

24 18 U.S.C.  § 2.  Hack surrendered to law enforcement on February 29, 2012, and her

25 case is currently under review the United States Department of Justice "Death

26

Penalty Protocol" to determine whether Plaintiff United States will seek imposition of the death penalty should Hack be convicted of the murder crimes charged.

The Government previously moved for pretrial detention pursuant to 18 U.S.C. § 3142(f), and on February 29, 2012, the presiding Magistrate Judge found that Hack had failed to rebut the presumption of detention triggered under 18 U.S.C. § 3142(e)(3)(B) and (2), and that by clear and convincing evidence, Hack "poses a substantial risk of danger to the community" and a substantial risk of non-appearance. (Doc. #15).

On April 13, 2012, Hack filed a Motion to Reopen Detention (Doc. #35). In a detailed Order (Doc. #40) entered June 19, 2012, the Honorable C.W. Hoffman, Jr. , United States Magistrate Judge, thoroughly outlined the history of this case and the pertinent factors which warranted denial of Defendant Hack's Motion to Reopen Detention (Doc. #40).  The Court has conducted a *de novo* review of the prior proceedings relating to detention before the Magistrate Judge, and further has considered the arguments of counsel set forth on the papers and at the hearing conducted January 23, 2013.  Based upon this review , the Court finds no reasonable cause presented to warrant either revocation or amendment of Defendant Melissa Hack's Detention Order.

Specifically, each of the factors specified by the Magistrate Judge in the prior Order of Detention soundly support the detention of Defendant Hack both as a danger to the community and a risk of flight.  The two-part presumption provided in 18 U.S.C. § 3142(e) clearly applies to Defendant Hack in this case.  Although that presumption does not mandate detention, the Court finds it is particularly forceful in a case such as this where the charged use of firearms involves the alleged well planned and premeditated murder of two individuals subjecting Defendant Hack, if convicted, to potential sentences of life imprisonment or death.

The Court concurs with the prior findings of the Magistrate Judge that Defendant Hack has failed to rebut the presumptions against her in this case. Neither has Defendant Hack demonstrated that the proposed conditions of release contained in the instant Motion (Doc. #65) would reasonably secure her presence at future court proceedings or ensure the safety of the community.  Well beyond such cognizable factors under 18 U.S.C. § 3142(g) such as the nature and circumstances of the offenses charged, the weight of the evidence against her, and the nature and seriousness of the danger posed by her release, the Hack's history and characteristics weigh against her release at this time.  Her prior criminal record reflects convictions for violent and narcotics related crimes, and also for violations of probation and parole.  Such history and characteristics do not comport with Defendant Hack's argument that conditions of release could be fashioned which would reasonably guard against future criminal conduct.  The Court concluded that the prior order of detention was warranted and that no reasonable grounds have since been permitted to justify any modification thereto.

**IT IS THEREFORE ORDERED** that Defendant Melissa Hack's Motion for Revocation or Amendment of Detention Order (Doc. #65) is **DENIED**.

DATED this 24th day of January, 2013.

PHILIP M. PRO
United States District Judge