UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:12-CR-00063-PMP-RJJ |
|     Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| ROSS HACK, MELISSA HACK, and ) | |
| LELAND JONES, ) | |
| ) | |
|     Defendants. ) | |

       This is a case in which two of the three Defendants charged, Ross Hack and Melissa Hack, face a potential death sentence if convicted of the crimes charged. On April 16, 2012, the Court entered a Complex Case Scheduling Order pursuant to Local Rule 16-1(a)(1) and (2), in accord with the stipulation of all Parties (Doc. #37). That Order carefully outlines the timing and manner of production of discovery in this case. In particular, the Order recognizes the need of Defendants Ross Hack and Melissa Hack to prepare for their presentation in mitigation of punishment to the United States Attorney and to the Assistant Attorney General in accord with the United States Department of Justice's "Death Penalty Protocol."

       Notwithstanding the Complex Case Scheduling Order provisions which call for the production of Jenks Act material, and related Giglio material, fourteen

(14) days before trial currently scheduled for May 6, 2014, the Government has informed defense counsel that it will produce Jenks material, and related Giglio material, well in advance of trial, to wit:  on or before April 16, 2013.  Such early production of discovery will better enable counsel for Defendants Ross Hack and Melissa Hack to prepare for their death penalty mitigation presentations before the United States Attorney for the District of Nevada and the Assistant Attorney General of the United States.  The Government contends, however, that certain discoverable documents, including, but not limited to reports of certain interviews and grand jury transcripts contains sensitive information relating to certain witnesses, should be produced only subject to a "Confidential Discovery" Protective Order.

A dispute has arisen between the Parties with respect to the scope of the Protective Order proposed by the Government.  The dispute has manifested itself in the form of Defendant Melissa Hack's Motion for Expedited Discovery (Doc. #73) filed January 11, 2013, Defendant Ross Hack's Motion for Pre-Authorization Discovery (Doc. #74) filed January 14, 2013, and Plaintiff United States' Motion for Protective Order (Doc. #87) filed February 4, 2013,  and accompanied by Plaintiff United States' Ex Parte, *In Camera* Submission of Witness Materials for Review by the Court (Doc. #88) filed under seal on February 5, 2013.

On March 6, 2013, the Court conducted a hearing regarding the foregoing motions.  At the close of the hearing the Court directed counsel for the Parties to meet and confer and to thereafter submit to the Court a single document styled "Protective Order" reflecting the provisions of a protective order to which the Parties agree, as well as alternative proposals for provisions of an appropriate protective order as to which the Parties could not agree.  On March 7, 2013, the Parties complied with the Court's Order and submitted a single proposed "Protective Order" reflecting their competing visions as to the degree of confidentiality required

in this case. (Doc. #104).

At the outset it is important to note that by their Motions for Discovery (Docs. #73 and #74) Defendants Melissa Hack and Ross Hack do not seek production of the deliberative Death Penalty Evaluation Form or Prosecution Memorandum of the United States Attorney prepared in accord with the United States Attorney Manual. Therefore, Defendants' motions do not run afoul of *United States v. Fernandez*, 231 F.3d 1240 (9th Cir. 2000) which provides that such deliberative materials are not discoverable.

Additionally, Plaintiff United States does not seek relief from its obligation to produce exculpatory information in accord with *Brady v. Maryland*, 373 U.S. 83 (1963), and the Protective Order proposed relates solely to the identity of particular witnesses, and their statements and grand jury testimony as well as Giglio material relating to some of those witnesses.

The essence of the dispute relating to the proposed Protective Order revolves around whether the "Confidential Discovery" produced pursuant the proposed Protective Order may be shared with or provided to any Defendant by defense counsel or "members of each defense team, including any defense attorney, investigator, paralegal, or legal assistant, as well as any of their successors," unless the Court otherwise orders.

The Court has reviewed *in camera*, the witness materials submitted ex parte by Plaintiff United States (Doc. #88), and finds appropriate the production of those materials subject to the "Confidential Discovery" Protective Order proposed by the Government, at this stage of the proceedings. As a result, and good cause appearing,

///

///

3

**IT IS ORDERED** that Plaintiff United States' Motion for Protective Order (Docs. #87 and #104) is GRANTED to the extent provided in the attached "Confidential Discovery Protective Order."

**IT IS FURTHER ORDERED** that Defendant Melissa Hack's Motion for Expedited Discovery (Doc. #73) and Defendant Ross Hack's Motion for Pre-Authorization Discovery (Doc. #74) are DENIED as moot in view of the Government's representations that it will produce early discovery on or before April 16, 2013, including discovery subject to the Court's approved "Confidential Discovery Protective Order."

**IT IS FURTHER ORDERED** that the discovery materials submitted ex parte for the Court's *in camera* review (Doc. #88) shall be produced by Plaintiff United States for Defendants on or before April 16, 2013, subject to the attached "Confidential Discovery Protective Order."

DATED this 18th day of March, 2013.

PHILIP M. PRO
United States District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:12-CR-00063-PMP-CWH |
| Plaintiff, | ) | |
| vs. | ) | **CONFIDENTIAL DISCOVERY** <br> **PROTECTIVE ORDER** |
| ROSS HACK, MELISSA HACK, and LELAND JONES, | ) | |
| Defendants. | ) | |

The use and dissemination of certain "Confidential Discovery" produced by Plaintiff United States shall be subject to the following Protective Order:

    1.    The Government's disclosure of "Confidential Discovery" shall be made subject to the following conditions:

        a.    Unless otherwise ordered by the Court, none of the materials marked or deemed "Confidential Discovery," including any reference to the identity of any witness who provided a statement that has been marked "Confidential Discovery" (hereinafter "confidential witness") or the content of his or her statement(s), may be shared with or provided to any defendant, any witness, or

5

       any other person nor may it be otherwise disseminated or disclosed.

    b.    None of the materials or deemed "Confidential Discovery," including any reference to the identity of any confidential witness or the content of his or her statement(s), may be included in any pre-trial motion, pleading, or other document filed with the Court unless such document is filed **under seal**.

    c.    If a party is considering using at a pre-trial hearing any of the materials marked "Confidential Discovery" - including any reference to the identity of any confidential witness or the content of his or her statement(s) - the party will so advise all counsel in advance of the hearing, and the other parties will be given an opportunity to object to such information's use.  If, after any objections, the Court determines that such confidential information may be used during the hearing, the party seeking to use or refer to such information - at the time the party intends to introduce it - will request that the Court receive the information only in the presence of government counsel and defense counsel and other court personnel as deemed by the Court.  The parties will also ask the Court to ensure that the transcript be appropriately designated as containing "Confidential Discovery."

    d.    If defense counsel or anyone working for on behalf of defense counsel interviews any confidential witness, the defense team will treat the information received from that witness as "Confidential Discovery," including the identity of the confidential witness, in accordance with the restrictions set forth

in paragraphs a through c.

2. Nothing in this Protective Order may be construed as prohibiting the use of Confidential Discovery or confidential witnesses at any trial or hearing in this criminal proceeding.

3. In the event of an inadvertent disclosure of Confidential Discovery, including any reference to the identity of any confidential witness or the content of his or her statement(s), the party making or learning of the inadvertent disclosure will immediately:

   (a) Notify the person to whom the disclosure was made that it contains Confidential Discovery subject to a protective order;

   (b) Make all reasonable efforts to preclude dissemination or use of the Confidential Discovery by the person to whom disclosure was inadvertently made;

   (c) Notify the government and other parties of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against further dissemination or the use of the information; and

   (d) Notify the Court in writing under seal.

4. This Protective Order applies to all members of each defense team, including any defense attorney, investigator, paralegal, or legal assistant, as well as any of their successors.

5. Nothing in this Protective Order shall be construed to restrict the use of information or documents that are lawfully obtained or publicly available to a party independently of the Confidential Discovery, whether or not the same material has been designated as Confidential Discovery.

6. Nothing in this Protective Order shall be construed to bar or otherwise restrict counsel from rendering advice to his or her client with respect to the charges in the Indictment.

7. Unless otherwise Ordered by the Court, the limitations imposed by this Protective Order shall expire forty-five (45) days prior to the commencement of trial in this case.

Dated this 18th day of March, 2013.

*[signature]*

PHILIP M. PRO
United States District Judge