UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | Case No.: 2:12-cr-00063-APG-CWH |
|---|---|
| Plaintiff | **ORDER DENYING MOTION TO REDUCE SENTENCE OR MODIFY JUDGMENT** |
| v. | |
| Melissa Hack, | [ECF No. 397] |
| Defendant | |

    Defendant Melissa Hack pleaded guilty to conspiracy to commit murder and was sentenced to 180 months in custody and five years of supervised release. She now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A) because she was sexually abused by the warden at FCI Dublin. ECF No. 397. The United States opposes the request.

    The compassionate release statute authorizes courts to reduce a defendant's term of imprisonment, but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). Hack did not submit a request for compassionate release to the warden at either FCI Dublin or Victorville Medium I FCI (where she is currently incarcerated). Thus, she has not exhausted her administrative remedies as required by the statute. She requests that I waive her failure to exhaust.

    The Ninth Circuit has held that "courts do not have discretion to waive § 3582(c)(1)(A)'s mandatory exhaustion requirement." *United States v. McGreggor*, No. 20-10165, 2020 WL 9602344, at *1 (9th Cir. Oct. 26, 2020). Although Hack doubts anyone in the Bureau of Prisons will properly consider her application because of her accusations against her previous warden

(ECF No. 397 at 4), she may be mistaken.  And in any event, a claim of futility does not permit waiving the mandatory nature of the administrative exhaustion requirement.  Thus, even though Hack presents a sympathetic scenario, I am powerless to consider her motion at this time.

I am denying the motion without prejudice to Hack's ability to refile after exhausting her administrative remedies.  If she files a new motion, she may simply incorporate by reference all of her arguments from the present motion and reply, and supplement it with any new evidence or arguments.

I THEREFORE DENY Ms. Hack's motion (ECF No. 397) without prejudice.  If she exhausts her administrative remedies and does not receive the relief she requests, she may file a new motion.

Dated:  July 5, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE